RENDERED: JULY 17, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0703-MR

JAMES D. BREWER                                                   APPELLANT

v.

                  APPEAL FROM PERRY CIRCUIT COURT
                  HONORABLE ALISON C. WELLS, JUDGE
                  CASE NO. 15-CR-00127

COMMONWEALTH OF KENTUCKY                         APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; CETRULO AND KAREM, JUDGES.

KAREM, JUDGE: James Brewer brings this belated appeal from a Perry Circuit Court order denying his post-conviction motions. Upon careful review, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On March 8, 2017, the Perry Circuit Court entered judgment and sentence on a jury verdict convicting Brewer of first-degree manslaughter for

shooting Robert Miller in the face. *Brewer v. Commonwealth*, No. 2017-CA-000667-MR, 2019 WL 5092606, at \*1 (Ky. App. Oct. 11, 2019). Brewer was sentenced to fifteen years' imprisonment. *Id*. at \*4. The conviction was affirmed on direct appeal. *Id*. at \*12. The Opinion became final on April 3, 2020.

In May 2020, Brewer moved to vacate, set aside, or amend final judgment pursuant to Kentucky Rules of Civil Procedure (CR) 60.02(f) and CR 60.03. He sought to be released on the grounds that his various health conditions made him particularly vulnerable to contracting COVID-19 in prison. He was appointed counsel who supplemented the motion with Brewer's medical records and argued the motion at a hearing. The circuit court denied the motion on July 18, 2020, and Brewer filed a notice of appeal on July 22, 2020.

While the appeal was pending, Brewer, acting *pro se*, filed the following:

(1) **A criminal complaint against Dr. William Ralston**. The complaint, on AOC Form 315.1, sought to have Dr. Ralston, a witness at Brewer's trial, charged with perjury, false swearing, inconsistent statements, and tampering with physical evidence. The accompanying affidavit alleged that Dr. Ralston was pressured by Kentucky State Police Detective Joel Abner, the lead investigator in the case, to alter his initial opinion that Miller died by suicide.

(2) **A motion of *coram nobis*.**[1]  The motion alleged that Brewer's trial counsel was suffering from cancer and heavily medicated at the time of the trial, and that he told Brewer if the case was ever retried, he would be disbarred and probably brought up on charges himself.  It further alleged that the case against Brewer was malicious prosecution and there was insufficient proof to convict him of manslaughter.

(3) **A motion of *Audita Querela* – 60.02**.  The motion sought a rehearing of Brewer's case, claiming that he had existing legal defenses available.  It stated:

> It is not the judgment nor the sentence that I wish to attack with this Motion but that the sentence is "no longer equitable," as conditions have drastically changed since original sentencing.  I received a fifteen (15) year sentence that could turn into a life sentence, if some sort of relief is not offered for current conditions.

(4) **A criminal complaint against KSP Detective Joel Abner**.  The complaint, filed on AOC Form 315.1, sought to charge Detective Abner with tampering with physical evidence, tampering with a witness, intimidating a witness, and perjury in the first degree.  The accompanying affidavit alleged that Detective Abner coerced the eyewitnesses who testified against Brewer at trial, failed to process the crime scene properly, and tampered with physical evidence.

---

[1] The common law writ of *coram nobis* was codified as CR 60.02.  *Gross v. Commonwealth*, 648 S.W.2d 853, 856 (Ky. 1983).

The criminal complaint against Dr. Ralston, the motion of *coram nobis*, and the motion of *Audita Querela* – 60.02 were filed on September 21, 2020. The criminal complaint against Detective Abner was filed on November 6, 2020.

The circuit court questioned whether it had jurisdiction to address these motions and complaints during the pendency of Brewer's appeal, and it requested the parties to brief the issue. It ultimately ruled that the notice of appeal had transferred jurisdiction to the appellate court and, therefore, it would not at that time take up the motions of *coram nobis* and *Audita Querela* – 60.02. With respect to the criminal complaints against Dr. Ralston and Detective Abner, the court found that "it cannot take up Criminal Complaints against anyone in this case and therefore there will be no action taken with regard to any such 'Criminal Complaints.'"

Meanwhile, the Department of Public Advocacy withdrew from its representation of Brewer in the appeal of the first CR 60.02 motion. The appeal was ultimately dismissed by this Court on June 17, 2021, for Brewer's failure to file a brief.

On October 5, 2021, Brewer contends he filed, *pro se*, a motion pursuant to Kentucky Rules of Criminal Procedure (RCr) 11.42, with accompanying motions for an evidentiary hearing and appointment of counsel.

Apparently, these motions were never entered into the circuit court record. Brewer sent a letter to the court clerk asking for the motions to be entered, but they do not appear in the record.

After the order of dismissal was entered in the CR 60.02 appeal, the circuit court conducted a hearing on Brewer's outstanding motions. It signed an order on May 5, 2022, which stated as follows:

> This matter having come on for consideration before the Court on March 24, 2022, on various Motions filed by the Defendant, James D. Brewer, *pro se*, those Motions including a Motion for an Evidentiary Hearing, Motion to Vacate, Set Aside, or Correct Sentence, the Court being aware that similar Motions have previously filed by this Defendant, that there have been no substantial change in circumstances, and the Court being otherwise fully and sufficiently advised . . . [t]he Court declines to have any further hearings herein and the Motions are overruled.

This order was not, however, entered into the record until over two years later, on May 20, 2024. Brewer filed a motion for a belated appeal, which this Court granted on December 9, 2024.

Upon reviewing the case for the present appeal, Brewer's appellate counsel filed a motion to supplement and correct the record to include the RCr 11.42 motion, but the circuit court had not yet ruled on the motion to supplement at the time Brewer's appellant's brief was submitted in this appeal.

## STANDARD OF REVIEW

We review the denial of a CR 60.02 motion for abuse of discretion. *Young v. Richardson*, 267 S.W.3d 690, 697–98 (Ky. App. 2008). The test for abuse of discretion is whether the circuit court's decision was "arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999) (citations omitted). Absent a "flagrant miscarriage of justice[,]" we will affirm the trial court. *Gross v. Commonwealth*, 648 S.W.2d 853, 858 (Ky. 1983).

## ANALYSIS

Our analysis is guided by the principles governing post-conviction criminal appeals and motions. "The structure provided in Kentucky for attacking the final judgment of a trial court in a criminal case is not haphazard and overlapping, but is organized and complete. That structure is set out in the rules related to direct appeals, in RCr 11.42, and *thereafter* in CR 60.02." *Gross*, 648 S.W.2d at 856. CR 60.02 is "for relief that is not available by direct appeal and not available under RCr 11.42." *Id.* "[A] defendant is precluded from raising claims [under CR 60.02] which were, or reasonably could have been, raised in prior proceedings." *Berry v. Commonwealth*, 624 S.W.3d 119, 121 (Ky. App. 2021). "CR 60.02 does not permit successive post-judgment motions." *Foley v. Commonwealth*, 425 S.W.3d 880, 884 (Ky. 2014).

-6-

We will address individually (i) the two criminal complaints; (ii) the motion of *coram nobis* and the motion of *Audita Querela* – 60.02; and (iii) the RCr 11.42 motion.

### i. The Criminal Complaints

Brewer contends the circuit court erred in ruling that it could not take any action with regard to the criminal complaints, and that it should instead have treated them as post-conviction motions and addressed them on the merits. He alludes to the duty of the trial courts to "liberally construe *pro se* pleadings to extract the [*pro se* litigant]'s intent and bring about a full adjudication of the relevant issues." *Adkins v. Wrightway Readymix, LLC*, 499 S.W.3d 286, 289 (Ky. App. 2016) (quoting *Taylor v. Commonwealth*, 354 S.W.3d 592, 594 (Ky. App. 2011)).

But the record indicates that at the time Brewer filed the criminal complaints, he was fully conversant with post-conviction motions. He had already filed his first CR 60.02 motion, the denial of which was then on appeal, his motion for *Audita Querela* – 60.02, and his motion of *coram nobis*. Rather than including his claims in these motions, he chose to file complaints on AOC Form 315.1, seeking specific, enumerated criminal charges against Dr. Ralston and Detective Abner. Under the circumstances, the circuit court did not abuse its discretion in accepting that he wanted to press criminal charges against these individuals.

Furthermore, the circuit court did not err in refusing to take any action regarding these complaints, because the discretion to decide "when and whether to institute criminal proceedings, or what precise charge shall be made," belongs with the executive branch. *Hoskins v. Maricle*, 150 S.W.3d 1, 20 (Ky. 2004), *as modified on denial of reh'g* (Dec. 16, 2004) (citation omitted). "Thus, '[a] judge in our system does not have the authority to tell prosecutors which crimes to prosecute or when to prosecute them.'" *Id*. (quoting *United States v. Giannattasio*, 979 F.2d 98, 100 (7th Cir. 1992)).

## ii. The motions of *coram nobis* and *Audita Querela* – 60.02

Brewer argues that the circuit court erred in ruling that it lacked jurisdiction to consider his motions of *coram nobis* and *Audita Querela* – 60.02. He contends that the court did retain jurisdiction over his case and that, by ruling otherwise, it essentially placed these motions in abeyance pending the conclusion of his appeal. The argument is moot because the circuit court did eventually rule on the motions.

Next, he argues that his *pro se* filings were substantively different from his prior CR 60.02 motion and consequently the circuit court erred in ruling they were successive. But the difference in the claims does not resolve the issue, because "CR 60.02 was never meant to be used as just another vehicle to revisit issues that should have been included or could have been included in prior requests

-8-

for relief." *Foley*, 425 S.W.3d at 884 (citation omitted). A review of the claims set forth in his motions shows that they could have been included in the first CR 60.02 motion or in a motion pursuant to RCr 11.42, and therefore, they were impermissibly successive.

The allegation that Brewer's trial counsel was seriously ill and told him he would probably be disbarred and brought up on charges if the case was retried is essentially a claim of ineffective assistance of counsel, which could have been raised pursuant to RCr 11.42. "A defendant who is in custody under sentence . . . is required to avail himself of RCr 11.42 as to any ground of which he is aware, or should be aware, during the period when the remedy is available to him." *McQueen v. Commonwealth*, 948 S.W.2d 415, 416 (Ky. 1997). Brewer's claim of malicious prosecution could also have been raised via RCr 11.42 or in his first CR 60.02 motion. The claim that his conviction was not supported by sufficient proof could have been raised on direct appeal, because "errors occurring during the trial should be corrected on *direct* appeal, and the grounds set forth under the various subsections of CR 60.02 deal with *extraordinary* situations which do not as a rule appear during the progress of a trial." *Gross*, 648 S.W.2d at 856 (citation omitted).

His motion for *Audita Querela* – 60.02 which claimed that his sentence is no longer equitable under the current conditions, is a restatement of the

argument he made in his original CR 60.02 motion. Therefore, it was impermissibly successive and merely repeated his earlier arguments.

The circuit court did not abuse its discretion in denying these motions.

### iii. The RCr 11.42 motion

As previously noted, Brewer's RCr 11.42 motion is not in the record before us. According to Brewer's appellate counsel, she filed a motion in the circuit court on May 27, 2025, to supplement and correct the record to include the motion, as well as the accompanying memorandum in support of the motion and motions for an evidentiary hearing and appointment of counsel. "[I]t is an unvarying rule that a question not raised or adjudicated in the court below cannot be considered when raised for the first time in this court." *Ford v. Commonwealth*, 709 S.W.3d 203, 204–05 (Ky. 2025). This Court granted Brewer's motion for a belated appeal on December 5, 2024, and the record was certified on January 10, 2025. We are unable to consider Brewer's arguments regarding the RCr 11.42 motion because it was never considered by the trial court and does not form part of the record on appeal.

### CONCLUSION

For the foregoing reasons, the circuit court's order of May 24, 2024, is affirmed.

-10-

ALL CONCUR.


BRIEFS FOR APPELLANT:

Sarah E. Smalley
Assistant Public Advocate
Frankfort, Kentucky

BRIEF FOR APPELLEE

Russell Coleman
Attorney General of Kentucky

J. Grant Burdette
Assistant Solicitor General
Frankfort, Kentucky